a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LUCAS MICHAEL HUBBARD, Plaintiff | CIVIL DOCKET NO. 1:25-CV-01248 |
| VERSUS | JUDGE EDWARDS |
| KEITH MANUEL ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil Complaint filed by pro se Plaintiff Lucas Michael Hubbard ("Hubbard") alleging the violation of his civil rights. ECF No. 1 at 3. He names as Defendants Judge William Bennett, Judge Kerry Spruill, Attorney Keith Manuel, and Carrie Clark.

Because Hubbard fails to state a claim for which relief can be granted, and seeks damages from Defendants entitled to immunity, the Complaint should be DENIED and DISMISSED WITH PREJUDICE, except the request to modify custody, which should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

I.  **Background**

Hubbard challenges a child custody decision issued in the 12th Judicial District Court, Avoyelles Parish. He seeks damages from Judge Spruill, Judge Bennett, and Attorney Keith Manuel in their individual capacities, and a declaratory judgment awarding him custody of his minor child and terminating custodial rights

1

of Carrie Clark. He also asks that "any and all criminal charges the plaintiff had to face in this matter be dismissed without prejudice immediately." ECF No. 1 at 5.

## II. Law and Analysis

### A. Hubbard's Complaint is subject to preliminary screening.

Hubbard has been granted leave to proceed *in forma pauperis* ("IFP"). When a plaintiff is proceeding IFP, a Court must dismiss the Complaint, or any portion thereof, if it contains claims that: (1) are frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915e(2)(B). Section 1915(e)(2)(B) applies equally to prisoner and non-prisoner cases filed IFP. *See Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231–33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)).

### B. The Court lacks jurisdiction to review or modify the custody order.

Hubbard requests that the Court issue a judgment awarding him custody of his daughter, rather than the current custodian, Carrie Clark. "[F]ederal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994) (citations omitted); *see also Ex parte Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States."); *Franks v. Smith*, 717 F.2d 183, 185 (5th Cir. 1983) ("issues of domestic relations are the province of state courts, going back to *Ex*

*parte Burrus*"). And federal courts may not issue or modifying "a divorce, alimony, or child custody decree." *Saloom v. Texas Dept. of Family and Child Protective Services*, 578 F. App'x 426, 429-30 (5th Cir. 2014) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 701-02 (1992)) (internal quotations omitted); *Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078 (5th Cir. 1990) (as a general rule, federal courts refuse to hear domestic disputes, including child custody actions and disputes over visitation rights); *Chandler v. Commander, Army Fin. & Accounting Ctr.*, 863 F.2d 13, 15 (5th Cir. 1989) (acknowledging that federal courts have traditionally abstained from domestic relations cases because of strong state interest and competence in the issues presented by such cases); *Goins v. Goins*, 777 F.2d 1059, 1062 (5th Cir. 1985) ("The state court has a strong interest in and the expertise to decide domestic issues which federal courts lack.").

Accordingly, Hubbard's collateral attack on the state court's custody order and his request for a new custody order should be dismissed for lack of jurisdiction.

### C. State criminal charges and convictions may not be dismissed or expunged through a civil rights case.

Hubbard asks that "any and all criminal charges" that he "had to face in this matter be dismissed without prejudice immediately." ECF No. 1 at 5. Constitutional challenges to state court charges and convictions are presented in federal habeas corpus actions after exhaustion of state court remedies, not in civil rights complaints. *See* 28 U.S.C. §§ 2241, 2254; *Russell v. Dallas Cnty. Jail*, 3:19-CV-1796, 2019 WL 5540476, at *2 (N.D. Tex. Oct. 1, 2019), *report and recommendation adopted*, 2019

3

WL 5537849 (N.D. Tex. Oct. 25, 2019). Hubbard must seek dismissal or expungement under 28 U.S.C. § 2241 (for pending charges) or § 2254 (for convictions).

### D. Judges Spruill and Bennett are immune from suit for damages.

Hubbard sues Judges Spruill and Bennett in their individual capacities for damages allegedly suffered when they ordered Hubbard's minor child to return to Louisiana. ECF No. 1. Hubbard alleges that the judges lacked jurisdiction to issue any custody orders because he and his daughter had moved to Arkansas.

"It is well established that judges enjoy absolute immunity for judicial acts performed in judicial proceedings." *Jones v. King*, 148 F.4th 296, 300 (5th Cir. 2025) (quoting *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996) (citations and quotations omitted)). Indeed, "immunity applies even when the judge is accused of acting maliciously and corruptly." *Id.* (citations omitted). There are only two circumstances in which immunity yields: (1) when a judge acts outside his judicial capacity; or (2) when he acts in the clear absence of all jurisdiction. *Id.* (citations omitted).

Although Hubbard claims that the judges acted without jurisdiction, he cites no legal authority or support for his claim. Louisiana courts that make custody determinations generally have exclusive continuing jurisdiction until that court or another state court with jurisdiction rules otherwise. *See* La. Rev. Stat. Ann. § 13:1814.

Hubbard does not allege or suggest that any court has determined that the 12th Judicial District Court lacks jurisdiction over his custody case. Because there

4

is no evidence that Judge Spruill and Judge Bennett acted without jurisdiction, they are immune from Hubbard's suit for damages.

### E. Hubbard fails to state a viable claim against Attorney Keith Manuel and Defendant Carrie Clark.

Hubbard alleges that Defendants Keith Manuel, an attorney, and Carrie Clark, the child's custodian, are liable for damages under 42 U.S.C. § 1983[1] and 1985 because they conspired with state officials to deprive Hubbard of his right to raise his child. ECF No. 1 at 4.

Hubbard filed a similar civil action in federal court in Arkansas. That court recently concluded that Keith Manuel and Carrie Clark are private citizens, not state actors. *See Hubbard v. Witherington*, 6:24-CV-06151, 2025 WL 1914162, at *2 (W.D. Ark. Feb. 13, 2025), *report and recommendation adopted*, 6:24-CV-6151, 2025 WL 1733511 (W.D. Ark. June 23, 2025). The Court agrees. And private citizens may incur § 1983 liability "only if they are willing participants in a joint action with public servants acting under color of state law." *Id.* (citing *Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997)); *see also Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008) (citation omitted) (to hold non-state actors liable on a § 1983 claim, "they must have engaged in a conspiracy with state actors to violate [his] constitutional rights"). At the very least, there must be "an agreement or meeting of the minds between the private and

---

[1] Section 1983 provides a remedy against every person, who under color of state law, deprives another of any rights secured by the constitution and laws of the United States. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Section 1983 is not a source of substantive rights; it merely provides a method for vindicating federal rights granted elsewhere. *See Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n.3 (5th Cir. 1999).

state actors, and a corresponding violation of the plaintiff's rights under the Constitution or laws of the United States." *Id.* (citations omitted).

Hubbard does not identify an agreement among the alleged co-conspirators. *See Imani v. City of Baton Rouge*, 614 F.Supp.3d 306, 375 (M.D. La. 2022) (citations omitted) (a party asserting a § 1985(3) claim must demonstrate "an agreement among the alleged co-conspirators"). Instead, he makes only conclusory allegations of a conspiracy between Keith Manuel, Carrie Clark, and state actors. But a plaintiff may not rely on mere conclusory allegations. *See Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987) (citations omitted) ("[m]ere conclusory allegations are insufficient"; "specificity is required when a charge of conspiracy is made"). Accordingly, the claims against Keith Manuel and Carrie Clark should be dismissed.

### F. Hubbard fails to state a federal defamation claim against the judges.

Hubbard claims that Judges Spruill and Bennett are liable for defamation under 28 U.S.C. § 4101. However, § 4101 "contains definitions used when litigants are seeking enforcement of foreign judgments against United States citizens who are entitled to First Amendment protections." *Robertson v. F.B.I.*, 3:22-CV-05277, 2023 WL 2027833, at *3 (W.D. La. Jan. 31, 2023), *report and recommendation adopted*, 2023 WL 2021883 (W.D. La. Feb. 15, 2023) (citing 28 U.S.C. § 4101). It does not provide a federal cause of action for defamation. *Id.* (citing *Porter v. Hayes*, No. 5:22-cv-1067, 2022 WL 167444238, at *2 (N.D. N.Y. 2022) (§ 4101 does not create a federal cause of action for defamation), *report and recommendation adopted*, 2023 WL 315682 (N.D. N.Y. 2023); *Mills v. Dollar General Corp. Office*, No. 21-368, 2021 WL

6

4851065, at *3 (M.D. La. Oct. 18, 2021) (defamation action arose under Louisiana tort law, not § 4101)).  Accordingly, the § 4101 claim should be dismissed.

### G.   Hubbard fails to state a viable claim under 42 U.S.C. § 3058i.

Hubbard alleges that all Defendants violated § 3058i "by not protecting his interests and financially exploiting him."  ECF No. 1 at 4.  However, § 3058i is a section under the Older Americans Act, 42 U.S.C. § 3001 *et seq.*, which does not afford a private cause of action to individuals like Hubbard.  *See Rupe v. City of Jacksboro, Texas*, 4:23-CV-998-P, 2024 WL 3559777, at *3 (N.D. Tex. 2024), *report and recommendation adopted*, 2024 WL 3535119 (N.D. Tex. 2024), *aff'd*, 24-10758, 2025 WL 2556265 (5th Cir. 2025) (citing *James Roa v. City of Denison*, 4:18-CV-168, 2019 WL 1306212, at *25 (E.D. Tex. Feb. 18, 2019) ("[C]ourts have found that the Older Americans Act does not create individual rights enforceable under Section 1983."); *Adams v. Royal Park Nursing and Rehab.*, 3:20-cv-00634-RJC-DSC, 2021 WL 4462914, at *3 (W.D.N.C. 2021) (§ 3058i does not provide the court with subject-matter jurisdiction as it does not confer a private right of action); *Sienze v. Madera Cnty. Sheriff's Off*, 1:17-cv-00736, 2017 WL 2423672, at *7 (E.D. Cal. 2017) ("The Court finds that Congress did not intend to create a private right of action under section 3058i.")).  Accordingly, Hubbard fails to state a claim for which relief can be granted under § 3058i.

### III.   Conclusion

Because Hubbard fails to state a claim for which relief can be granted and seeks damages from Defendants entitled to immunity, IT IS RECOMMENDED that

the Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE pursuant to § 1915(e)(2)(B), except the request to modify custody, which should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, October 20, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE